## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 16-35560 |
| | ) | |
| David E. Sterling, | ) | Chapter 7 |
| | ) | |
| | ) | Honorable Pamela S. Hollis |
| Debtor. | ) | |
| | ) | Set for September 22, 2017 at 10:00am |

## NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST


PLEASE TAKE NOTICE that on September 22, 2017, at 10:00 a.m., I shall appear before the Honorable Pamela S. Hollis at Joliet City Hall, 150 West Jefferson Street, 2nd Floor, Joliet, Illinois, or, in her absence, before any other Judge who may be sitting in her stead, and shall then and there present Trustee's, **First and Final Application of Alan D. Lasko & Associates, P.C. for Allowance of Compensation and Expenses**, a copy of which is attached hereto and hereby served upon you

Cindy M. Johnson, not individually but as
Chapter 7 Trustee of David E. Sterling

/s/      Cindy M. Johnson
Chapter 7 Trustee

Cindy M. Johnson
Chapter 7 Trustee
140 S. Dearborn Street, Suite 1510
Chicago, Illinois  60603
(312) 345-1306

## CERTIFICATE OF SERVICE

I, Cindy M. Johnson, an attorney, certify that I served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the United States Mail Chute at 140 S. Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on August 30, 2017.

/s/ Cindy M. Johnson

# SERVICE LIST

## Electronic Mail Notice List

- Jeffrey C Baldacci     ROUSKEYLAW@GMAIL.COM
- Cindy M. Johnson     cmjtrustee@jnlegal.net, cjohnson@ecf.epiqsystems.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov

## Manual Notice List

### E-MAIL
Alan D Lasko, Alan D. Lasko & Associates,     alasko@adlassoc.com

### US Mail

David E. Sterling
25515 S. Canal
Channahon, IL 60410

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Ally Financial
PO Box 130424
Roseville, MN 55113

Sprint
C/O Enhanced Recovery Company
Post Office Box 57610
Jacksonville, FL 32256

ALLY
Post Office Box 380901
Minneapolis, MN 55438

U.S. Bank Home Mortgage
Post Office Box 20005
Owensboro, KY 42304

Barclays Bank
C/O Northstar Location Services
4285 Genesee Street
Cheektowaga, NY 14225

Chrysler Capital
Post Office Box 961275
Fort Worth, TX 76161

Discover Bank
C/O Blitt and Gaines
661 Glenn Avenue
Wheeling, IL 60090

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re                                                    )
                                                         )
                                                         )          Bankruptcy No. _____
                                                         )
                                    Debtor.    )          Chapter          _____

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From    _____, _____    through _____, _____

Amount of Fees Sought:    $_____

Amount of Expense Reimbursement Sought:    $_____

This is an:          Interim Application _____          Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|

Dated: _____    _____
                                                                                          (Counsel)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **David E. Sterling Bankruptcy Estate** | ) | **No. 16 B 35560** |
| | ) | |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | **Hon. Pamela S. Hollis** |

### FIRST AND FINAL APPLICATION
### OF ALAN D. LASKO & ASSOCIATES, P.C.
### FOR ALLOWANCE OF COMPENSATION AND EXPENSES

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C. ("ADLPC"),** Certified

Public Accountants, request first and final compensation of $1,172.55 and expenses of $22.00 for

the time period from July 21, 2017 through August 22, 2017. A detail is provided herein for the

Estate, which identifies by subject matter the services performed by the Applicant. Additional

detail is provided to reflect the function and individual performing said services. Lastly, each

individual's classification and hourly rate is also reflected. In addition, attached is the Affidavit

pursuant to Bankruptcy Rule 2016.

### INTRODUCTION

This Court has jurisdiction over this First and Final Fee Application pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

**DAVID STERLING BANKRUPTCY ESTATE**

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

**GENERAL**

The Debtor filed a petition under Chapter 7 on or about November 7, 2016. A Trustee was subsequently appointed. On July 21, 2017, Alan D. Lasko & Associates, P.C. was approved by the Court as the accountants for the Trustee. Reflected in this fee petition is the Applicant's time for the preparation of the Estate's initial and final 2017 income tax returns.

## FEE APPLICATION

The fees sought by this First and Final Fee Application reflect an aggregate of 9.8 hours of ADLPC's time spent and recorded in performing services during the First and Final Compensation Period.  This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which first and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

3

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the associates of the Firm, or (b) any compensation another person or party has received or may receive.  No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

## BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

        Cost               $125.00

A recap of compensation for this category is as follows:

| | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.2 | $ 300 00 | $ 60.00 |
| C. Wilson, Staff | 1.0 | 65.00 | 65.00 |
| | 1.2 | | $ 125.00 |

## TAX PREPARATION

The Applicant incurred 8.6 hours in the preparation of the Estate's initial and final 2017 workpapers and year-end tax returns.

**DAVID C. STERLING BANKRUPTCY ESTATE**

The work also included the following:

- Summarized Trustee's Forms 2.
- Reviewed Bankruptcy Schedules.
- Discussions with Trustee regarding tax items.

        Cost                <u>$1,211.60</u>

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 1.9 | $ 300.00 | $ 570.00 |
| K. Seyller, Senior | 0.3 | 170.00 | 51.00 |
| D. Stefanczuk, Staff | 0.6 | 95.00 | 57.00 |
| M. Ross, Staff | 5.8 | 92.00 | 533.60 |
|  | 8.6 |  | $ 1,211.60 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| Owner | $290 | - | $300 |
|---|---|---|---|
| Manager/Director | 240 | - | 300 |
| Supervisors | 180 | - | 260 |
| Senior | 140 | - | 180 |
| Assistant | 65 | - | 140 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its first and final fee period are as follows:

| Recap by Project | First and Final Application | | Voluntary Reduction | | Net | |
|---|---|---|---|---|---|---|
| Billing | $ | 125.00 | $ | - | $ | 125.00 |
| Tax Preparation | | 1,211.60 | | (164.05) | | 1,047.55 |
| Net Request | $ | 1,336.60 | $ | (164.05) | $ | 1,172.55 |

| Recap by Hour | Hours | Amount | | Blended Rate | |
|---|---|---|---|---|---|
| Billing | 1.2 | $ | 125.00 | $ | 104.17 |
| Tax Preparation - Net | 8.6 | | 1,047.55 | $ | 121.81 |
| | 9.8 | $ | 1,172.55 | $ | 119.65 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

DAVID F. STERLING BANKRUPTCY ESTATE

|  | Tax Preparation |
|---|---|
| Copy Costs | $    12.00 |
| Delivery |       10.00 |
|  | $    22.00 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

    (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this First and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this First and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the First and Final compensation sought herein for the Compensation Period is warranted.

8

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested first and final compensation of $1,172.55 and expenses of $22.00 should be allowed for services by your Applicant for the period July 21, 2017 through August 22, 2017.


Alan D. Lasko


Alan D. Lasko & Associates, P.C.
205 West Randolph Street
Suite 1150
Chicago, Illinois  60606
(312) 332-1302

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **David E. Sterling Bankruptcy Estate** | ) | **No. 16 B 35560** |
| | ) | |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | **Hon. Pamela S. Hollis** |

### AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
                )      SS.
COUNTY OF COOK )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1.    I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Cindy M. Johnson, Chapter 7 Trustee in this case ("Trustee").

2.    I have read the First and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3.    Lasko has not previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

FURTHER AFFIANT SAYETH NOT.

_____
Alan D. Lasko

Subscribed and Sworn to before me
this _22nd_ day of August, 2017.

_____
Notary Public

OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC   STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/10/20

10

**EXHIBIT A**

**ORDER OF EMPLOYMENT**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   16-35560 |
| Debtor | ) | |
| David E. Sterling | ) | Chapter: 7 |
| | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | Joliet |
| Debtor(s) | ) | |

## ORDER TRUSTEE'S MOTION TO EMPLOY ACCOUNTANTS

        This cause coming to be heard on Trustee's Motion to Employ Accountants, due notice having been given, and the Court being fully advised in the premises, IT IS HEREBY ORDERED:

   1.  The Application is granted as set forth herein;

   2.  The Trustee is authorized to employ and retain Alan D. Lasko and Alan D. Lasko & Associates, PC as her accountants; and

   3.  All compensation for services said accountants is to be hereinafter determined by this Court.

                                                Enter:

                                                        Honorable Pamela S. Hollis
                                                        United States Bankruptcy Judge

Dated:  July 21, 2017

**Prepared by:**

Cindy M. Johnson
Johnson Legal Group, LLC
140 S. Dearborn St., Suite 1510
Chicago, Illinois 60603

**EXHIBIT B**

**PERSONNEL**

The following represents a description of the primary individuals in this engagement.

Alan D. Lasko – CPA, CIRA, CFF

Mr. Lasko has worked primarily in the bankruptcy field over the last 31 years.  He brings his 41 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases.  Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements.   Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF).  Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society.  Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics.  Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.


Karen Seyller, JD – Senior

Ms. Seyller has worked on various insolvency and litigation matters for three years.  She has also worked on numerous Chapter 11 and 7 matters, as well as Receivership-related work and civil litigation support work.  Prior to joining the Firm, Ms. Seyller had worked as a part-time intern for a tax law practice preparing income tax returns over two tax seasons.  Subsequently, Ms. Seyller then had worked full time as a tax accountant for a medical care company over the last five years.  Duties included the preparation of various types of tax returns of the business including but not limited to income tax returns, gross receipts returns, sales and use tax returns, as well as being involved in other general ledger duties of the company.  Ms. Seyller has a Bachelor's Degree in

Accounting from Saint Xavier University.  She has completed her work at John Marshall Law School.

Dominika Stefanczuk – Staff

Ms. Stefanczuk is a staff accountant performing accounting and tax services.  Ms. Stefanczuk has recently completed her Bachelor's Degree in Accounting and her Master's Degree in Accounting from Saint Xavier University.

Matthew A. Ross – Staff

Mr. Ross is a staff accountant performing accounting and tax services.  Mr. Ross has recently completed his Bachelor's Degree in Accounting from the University of Iowa.

**EXHIBIT C**

**STAFF LEVELS**

DAVID STERLING BANKRUPTCY ESTATE

## STAFF LEVEL – SUPERVISORS, SENIORS AND ASSISTANTS

SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level.  Supervisors have administrative and overview responsibility on a broader level than senior accountants.  Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level.  Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court.  In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

ASSISTANTS

Staff assistants usually execute basic assignments or tasks.  In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

**EXHIBIT D**

**ACTUAL TIME FROM TIME SLIPS**

**EXHIBIT D-1**

**TAX PREPARATION**

8/22/2017
2 07 PM

Pre-bill Worksheet

Page    1

---

Selection Criteria

---

Clie Selection            Include  Sterling 002, Sterling 012

---

| | |
|---|---|
| Nickname | Sterling 002 \| 5281 |
| Full Name | David E  Sterling Bankruptcy Estate |
| Address | c/o Cindy M  Johnson, Trustee |
| | 140 S  Dearborn Street |
| | Suite 1510 |
| | Chicago IL 60603 |
| Phone | Fax |
| Home | Other |
| In Ref To | |
| | tax preparati |
| Fees Arrg | By billing value on each slip |
| Expense Arrg | By billing value on each slip |
| Tax Profile | Exempt |
| Last bill | |
| Last charge | 8/20/2017 |
| Last payment | Amount      $0.00 |

| Date<br>ID | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 8/16/2017<br>156573 | A  Lasko<br>800 | 300 00 | 0 20 | 60 00 | Billable |
| | review of data received and set up staff with tax prep for esta re | | | | |
| 8/16/2017<br>156583 | M  Ross<br>800 | 92 00 | 3 40 | 312 80 | Billable |
| | Preparation of work papers and 2017 tax retu RN | | | | |
| 8/17/2017<br>156589 | M  Ross<br>800 | 92 00 | 1 20 | 110 40 | Billable |
| | continued to prepare work papers and tax retur N S | | | | |
| 8/17/2017<br>156607 | A  Lasko<br>800 | 300 00 | 0 90 | 270 00 | Billable |
| | review of work papers and tax returns - fin AL | | | | |
| 8/17/2017<br>156619 | D  Stefanczuk<br>800 | 95 00 | 0 60 | 57 00 | Billable |
| | prepare corrections to workpapers and retv AL L | | | | |

8/22/2017
2 07 PM

Pre-bill Worksheet

Page    2

Sterling 002 David E  Sterling Bankruptcy Estate (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 8/17/2017 156622 | A  Lasko 800 | 300 00 | 0 30 | 90 00 | Billable |
| | prepared irs and illinois 60 day letters | | | | |
| 8/17/2017 156623 | A  Lasko 800 | 300 00 | 0 50 | 150 00 | Billable |
| | sign off of federal and state tax returns and irs 60 day copies and letters for the final returns | | | | |
| 8/20/2017 156697 | M  Ross 800 | 92 00 | 1 20 | 110 40 | Billable |
| | Estimated time to prepare estate's final information tax returns and cover letter to trustee | | | | |
| 8/20/2017 156698 | K  Seyller 800 | 170 00 | 0 30 | 51 00 | Billable |
| | Estimated time to review estate's final information tax returns and cover letter to trustee | | | | |

| TOTAL | Billable Fees | | 8 60 | | $1,211 60 |

| Date ID | Timekeeper Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 8/17/2017 156631 | C  Wilson 115 | 12 00 | 1 000 | 12 00 | Billable |
| | Photocopy costs for 2017 Forms 1041 income tax returns - 120 pages @ $ 10 per page | | | | |
| 8/18/2017 156637 | C  Wilson 116 | 10 00 | 1 000 | 10 00 | Billable |
| | Delivery of 2017 Forms 1041 income tax returns to Cindy M  Johnson - confirmation #1057734 | | | | |

| TOTAL | Billable Costs | | | | $22 00 |

8/22/2017
2 07 PM                                      Pre-bill Worksheet                                   Page      3

Sterling 002 David E  Sterling Bankruptcy Estate (continued)

---

## Calculation of Fees and Costs

|  | Amount | Total |
|---|---|---|
| Fees Bill Arrangement  Slips<br>By billing value on each slip |  |  |
| Total of billable time slips | $1,211 60 |  |
| Total of Fees (Time Charges) |  | $1,211 60 |
| Costs Bill Arrangement  Slips<br>By billing value on each slip |  |  |
| Total of billable expense slips | $22 00 |  |
| Total of Costs (Expense Charges) |  | $22 00 |
| Total new charges |  | $1,233 60 |
| New Balance<br>Current | $1,233 60 |  |
| Total New Balance |  | $1,233 60 |

**EXHIBIT D-2**

**BILLING TIME**

8/22/2017
2 07 PM                                           Pre-bill Worksheet                                    Page       4

| | |
|---|---|
| Nickname | Sterling 012 \| 5282 |
| Full Name | David E  Sterling Bankruptcy Estate |
| Address | c/o Cindy M  Johnson, Trustee |
| | 140 S  Dearborn Street |
| | Suite 1510 |
| | Chicago IL 60603 |

| | | | |
|---|---|---|---|
| Phone | | Fax | |
| Home | | Other | |
| In Ref To | | | |
| | fee petiti | | |
| Fees Arrg | By billing value on each slip | | |
| Expense Arrg | By billing value on each slip | | |
| Tax Profile | Exempt | | |
| Last bill | | | |
| Last charge | 8/22/2017 | | |
| Last payment | | Amount | $0 00 |

| Date<br>ID | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 8/22/2017<br>156713 | C  Wilson<br>800 | 65 00 | 1 00 | 65 00 | Billable |
| | Prepared fee petitio⌐ | | | | |
| 8/22/2017<br>156716 | A  Lasko<br>800 | 300 00 | 0 20 | 60 00 | Billable |
| | Prepared fee petitio⌐ | | | | |
| TOTAL | Billable Fees | | 1 20 | | $125 00 |

Total of billable expense slips                                                                        $0 00

---

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| Fees Bill Arrangement  Slips<br>By billing value on each slip | | |
| Total of billable time slips | $125 00 | |
| Total of Fees (Time Charges) | | $125 00 |
| Total of Costs (Expense Charges) | | $0 00 |
| Total new charges | | $125 00 |

8/22/2017
2 07 PM

Pre-bill Worksheet

Page      5

Sterling 012 David E  Sterling Bankruptcy Estate (continued)

|  | Amount | Total |
|---|---|---|
| New Balance | | |
| Current | $125 00 | |
| Total New Balance | | $125 00 |