UNITED STATES BANKRUPTCY COURT
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN **DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| David E. Sterling | § | Case No. 16-35560 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter 7 of the United States Bankruptcy Code was filed on 11/07/2016 .  The undersigned trustee was appointed on 11/07/2016 .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4.  The trustee realized gross receipts of | $ | 10,000.00 |

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 1,197.71 |
| Bank service fees | 91.26 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

| | | |
|---|---|---|
| Leaving a balance on hand of[1] | $ | 8,711.03 |

The remaining funds are available for distribution.

_____

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was  05/19/2017  and the deadline for filing governmental claims was  05/19/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,719.04 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 1,719.04 , for a total compensation of $ 1,719.04 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 95.37 , for total expenses of $ 95.37 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/25/2018_____          By:/s/Cindy M. Johnson, Trustee_____
                                                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2]If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Case 16-35560   Doc 36   Filed 03/01/18   Entered 03/01/18 09:10:18   Desc Main

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
Document   Page 3 of 10
**ASSET CASES**

Exhibit A

| Case No: | 16-35560 | PSH | Judge: | Pamela S. Hollis | | Trustee Name: | Cindy M. Johnson, Trustee |
|---|---|---|---|---|---|---|---|
| Case Name: | David E. Sterling | | | | | Date Filed (f) or Converted (c): | 11/07/2016 (f) |
| | | | | | | 341(a) Meeting Date: | 12/05/2016 |
| For Period Ending: | 02/25/2018 | | | | | Claims Bar Date: | 05/19/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 25515 S. Canal Street Channahon Il 60410-0000 Will | 90,000.00 | 18,555.54 | | 10,000.00 | FA |
| 2. 2011 Jeep Patriot Mileage: 57,190 | 12,500.00 | 12,500.00 | | 0.00 | FA |
| 3. Miscellaneous Household Goods And Furnishings | 600.00 | 0.00 | | 0.00 | FA |
| 4. Miscellaneous Wearing Apparel | 75.00 | 0.00 | | 0.00 | FA |
| 5. Private Bank- Checking | 755.65 | 0.00 | | 0.00 | FA |
| 6. Private Bank Savings | 373.16 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)                $104,303.81          $31,055.54                    $10,000.00          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee obtained order approving a buy out offer by debtor of estate's equity in his residence for $14,000.00 (doc. 27).

RE PROP #        1 --    Debtor buyback of estate's interest in real estate for $14,000.00  4/7/17 (doc. 27)  - due
                        to only one claim being filed, trustee accepted $10,000.00 as that left enough to pay all
                        claims and estate expenses, leaving only a small amount to be returned to the debtor
                        for surplus (instead of a much larger amount).

Initial Projected Date of Final Report (TFR): 01/24/2018        Current Projected Date of Final Report (TFR): 01/24/2018

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 16-35560
Case Name: David E. Sterling

Taxpayer ID No: XX-XXX8073
For Period Ending: 02/25/2018

Trustee Name: Cindy M. Johnson, Trustee
Bank Name: BOK Financial
Account Number/CD#: XXXXXX0440
Checking
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/10/17 | 1 | Rouskey & Baldacci 151 Springfield Ave Joliet, IL 60435 | Buy out interest in the estate | 1110-000 | $10,000.00 | | $10,000.00 |
| 07/31/17 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $9,990.00 |
| 08/31/17 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.84 | $9,975.16 |
| 09/28/17 | 101 | Alan D. Lasko & Associates, P.C. 205 West Randolph Street Suite 1150 Chicago, Illinois 60606 | Accountant Fees | 3410-000 | | $1,172.55 | $8,802.61 |
| 09/28/17 | 102 | Alan D. Lasko & Associates, P.C. 205 West Randolph Street Suite 1150 Chicago, Illinois 60606 | Accountant Expenses | 3420-000 | | $22.00 | $8,780.61 |
| 09/29/17 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.34 | $8,766.27 |
| 10/31/17 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.54 | $8,752.73 |
| 11/30/17 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.58 | $8,740.15 |
| 12/29/17 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.99 | $8,727.16 |
| 01/31/18 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.97 | $8,714.19 |
| 02/15/18 | 103 | International Sureties, LTD Suite 420 701 Poydras St New Orleans, LA 70139 | 2018 Blanket Bond | 2300-000 | | $3.16 | $8,711.03 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*     Page Subtotals:     $10,000.00     $1,288.97

| | | |
|---|---:|---:|
| COLUMN TOTALS | $10,000.00 | $1,288.97 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $10,000.00 | $1,288.97 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $10,000.00 | $1,288.97 |

Exhibit B

Page Subtotals:                                              $0.00         $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0440 - Checking | $10,000.00 | $1,288.97 | $8,711.03 |
| | $10,000.00 | $1,288.97 | $8,711.03 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $10,000.00 |
| Total Gross Receipts: | $10,000.00 |

Page Subtotals:                    $0.00        $0.00

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 16-35560
Debtor Name: David E. Sterling
Claims Bar Date: 5/19/2017

Date: February 25, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Cindy M. Johnson 140 S. Dearborn St., Suite 1510 Chicago, Illinois 60603 | Administrative | | $0.00 | $1,719.04 | $1,719.04 |
| 100 2200 | Cindy M. Johnson 140 S. Dearborn St., Suite 1510 Chicago, Illinois 60603 | Administrative | | $0.00 | $95.37 | $95.37 |
| 100 3410 | Alan D. Lasko & Associates, P.C. 205 West Randolph Street Suite 1150 Chicago, Illinois 60606 | Administrative | | $0.00 | $1,172.55 | $1,172.55 |
| 100 3420 | Alan D. Lasko & Associates, P.C. 205 West Randolph Street Suite 1150 Chicago, Illinois 60606 | Administrative | | $0.00 | $22.00 | $22.00 |
| 1 300 7100 | Discover Bank Discover Products Inc Po Box 3025 New Albany, Oh 43054-3025 | Unsecured | | $6,532.51 | $6,532.51 | $6,532.51 |
| | Case Totals | | | $6,532.51 | $9,541.47 | $9,541.47 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Printed: February 25, 2018

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 16-35560
Case Name: David E. Sterling
Trustee Name: Cindy M. Johnson, Trustee

Balance on hand                                              $              8,711.03

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Cindy M. Johnson | $         1,719.04 | $              0.00 | $         1,719.04 |
| Trustee Expenses: Cindy M. Johnson | $              95.37 | $              0.00 | $              95.37 |
| Accountant for Trustee Fees: Alan D. Lasko & Associates, P.C. | $         1,172.55 | $         1,172.55 | $              0.00 |
| Accountant for Trustee Expenses: Alan D. Lasko & Associates, P.C. | $              22.00 | $              22.00 | $              0.00 |

Total to be paid for chapter 7 administrative expenses        $              1,814.41

Remaining Balance                                              $              6,896.62

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 6,532.51  have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $          6,532.51 | $          0.00 | $          6,532.51 |

Total to be paid to timely general unsecured creditors          $          6,532.51

Remaining Balance          $          364.11

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE


       To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of  0.6  % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 54.52 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.


       The amount of surplus returned to the debtor after payment of all claims and interest is $ 309.59 .